## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| POST PROPERTIES, INC., POST | ) | |
| APARTMENT HOMES, L.P., and POST | ) | |
| GP HOLDINGS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

The United States of America ("United States") alleges as follows:

## NATURE OF THE ACTION

1.     This action is brought by the United States to enforce the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3631, and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181-12189.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 3614(a) and 12188(b).

3.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a

substantial part of the events or omissions giving rise to the claims alleged in this action occurred there.

## DEFENDANTS AND SUBJECT PROPERTIES

4.      Defendants POST PROPERTIES, INC. and POST GP HOLDINGS, INC. are Georgia corporations whose principal place of business is in Atlanta. Defendant POST APARTMENT HOMES, L.P. is a Georgia limited partnership whose principal place of business is also in Atlanta.   Defendants are engaged in the development, construction and operation of multifamily apartment complexes in the Northern District of Georgia and elsewhere.

5.      Defendants and/or their predecessors in interest are responsible for the design, construction, and development of at least 50 multifamily apartment complexes in six states and the District of Columbia (hereafter referred to as the "Subject Properties").   Many, though not all, of these properties are owned and operated by Defendants as rental properties.   The Subject Properties are as follows:

| Property Name | Location | All Units Served by Elevator |
|---|---|---|
| Post Abbey | Dallas, TX | Yes |
| Post Addison Circle | Dallas, TX | Yes |
| Post Alexander | Atlanta, GA | Yes |
| Post Ballentyne | Charlotte, NC | No |

2

| **Property Name** | **Location** | **All Units Served by Elevator** |
|---|---|---|
| Post Biltmore | Atlanta, GA | Yes |
| Post Briarcliff | Atlanta, GA | Yes |
| Post Brookhaven (Phases II and III) | Atlanta, GA | No |
| Post Carlyle Square | Alexandria, VA | Yes |
| Post Carlyle Square Condos | Alexandria, VA | Yes |
| Post Coles Corner | Dallas, TX | Yes |
| Post Collier Hills | Atlanta, GA | No |
| Post Corners | Centreville, VA | No |
| Post Crest | Atlanta, GA | No |
| Post Crossing | Atlanta, GA | No |
| Post Dunwoody (Phase II) | Atlanta, GA | No |
| Post Gallery | Dallas, TX | Yes |
| Post Gardens | Atlanta, GA | Yes |
| Post Gateway Place | Charlotte, NC | Yes |
| Post Glen | Atlanta, GA | No |
| Post Harbour Place | Tampa, FL | Yes |
| Post Harbour Place City Homes | Tampa, FL | No |

| Property Name | Location | All Units Served by Elevator |
|---|---|---|
| Post Heights | Dallas, TX | Yes |
| Post Hyde Park | Tampa, FL | No |
| Post Legacy | Plano, TX | Yes |
| Post Lenox Park | Atlanta, GA | No |
| Post Lindbergh | Atlanta, GA | No |
| Post Luminaria | New York, NY | Yes |
| Post Massachusetts Ave | Washington, DC | Yes |
| Post Mercer Square | Dallas, TX | Yes |
| Post Midtown Square | Houston, TX | No |
| Post Oglethorpe | Atlanta, GA | No |
| Post Park at Phillips Place | Charlotte, NC | No |
| Post Parkside | Atlanta, GA | Yes |
| Post Parkside | Orlando, FL | Yes |
| Post Peachtree Hills | Atlanta, GA | No |
| Post Pentagon Row | Arlington, VA | Yes |
| Post Renaissance | Atlanta, GA | No |
| Post Ridge | Atlanta, GA | No |
| Post Rice Condos | Houston, TX | Yes |

| Property Name | Location | All Units Served by Elevator |
|---|---|---|
| Post Riverside | Atlanta, GA | No |
| Post Rocky Point | Tampa, FL | No |
| Post Spring | Smyrna, GA | No |
| Post Square | Dallas, TX | Yes |
| Post Stratford | Atlanta, GA | Yes |
| Post Toscana | New York, NY | Yes |
| Post Uptown Place | Charlotte, NC | Yes |
| Post Uptown Village | Dallas, TX | No |
| Post Vineyard | Dallas, TX | Yes |
| Post Vintage | Dallas, TX | No |
| Post Worthington | Dallas, TX | Yes |

## INACCESSIBLE DESIGN AND CONSTRUCTION
## OF THE SUBJECT PROPERTIES

6.      Each of the Subject Properties listed in Paragraph 5, supra, was designed and constructed for first occupancy on or after March 13, 1991, and contains residential apartment units that are "dwellings" as defined by the Fair Housing Act.   See 42 U.S.C. § 3602(b).

7.      The Subject Properties have a total of over 17,000 units.   Twenty-eight of these properties, which contain over 8,500 units, have elevators that serve every

unit.  Accordingly, all of the units in these properties are "covered multi-family dwellings" within the meaning of 42 U.S.C. § 3604(f)(7)(A) and must comply with the Fair Housing Act's accessibility requirements, 42 U.S.C. § 3604(f)(3)(C).   The other twenty-two Subject Properties either do not have an elevator or have elevator service to some but not all units.   The ground-floor units and units served by elevators at these properties are likewise "covered multi-family dwellings" that must comply with the requirements contained in 42 U.S.C. § 3604(f)(3)(C).   The exact number of "covered" units at these properties is not known, but is believed to be in the thousands.

8.     All of the Subject Properties have public and common-use areas. These areas may include parks, leasing or sales offices, communal kitchens, bathrooms, exercise rooms, trash disposal areas, and swimming pools.

9.     Defendants, individually or through their respective agents, have engaged in discriminatory housing practices at the Subject Properties.   These practices include, but are not limited to, the failure to design and construct these properties such that:

> a.     the public and common-use areas are readily accessible to and usable by individuals with disabilities;
>
> b.     all doors within ground-floor units and/or units served by elevators are sufficiently wide to allow passage by persons with

6

disabilities who use wheelchairs;

c.   all covered multi-family dwellings contain the following
features of adaptive design:

(i)   an accessible route into and through the dwelling;

(ii)  electrical outlets, thermostats and other environmental
controls in accessible locations; and

(iii) usable kitchens and bathrooms such that an individual
using a wheelchair can maneuver about the space.

10.   Defendants have failed to ensure that any of the Subject Properties
comply with the accessibility requirements of the Fair Housing Act.   Among other
things, Defendants failed to design or construct the Subject Properties with 1)
accessible routes into and through units that do not contain steps, overly steep curb
ramps, running slopes, cross slopes, thresholds or level changes, gaps, unstable
surfaces, or other obstructions; 2) accessible public and common-use areas,
including, when provided, bathrooms, locker rooms, exercise rooms, kitchens, trash
disposals, swimming pools, leasing offices and parking; 3) environmental controls,
such as thermostats and light switches, in inaccessible locations; 4) doors with at
least 32 inches of nominal clear space; and 5) kitchens and bathrooms with sufficient
clear floor space, sufficient space between counters and appropriate positioning of
sinks, toilets and other features, such that they may be used by persons with

7

disabilities.

11.    The public and common-use areas at the Subject Properties are "public accommodations" within the meaning of 42 U.S.C. § 12181(7).

12.    Most of the public and common-use areas at the Subject Properties were designed and constructed for first occupancy on or after January 26, 1993.

13.    Defendants have failed to ensure that the public and common-use areas referenced in Paragraphs 11-12, supra, are designed and constructed so as to be readily accessible to and usable by persons with disabilities, as required by the Americans with Disabilities Act, 42 U.S.C. § 12183(a)(1), as well as the Department of Justice's implementing regulations, 28 C.F.R. part 36, including the Standards for Accessible Design.   See id. App. A.

14.    In addition to the Subject Properties, Defendants may have designed and/or constructed other multifamily housing that is subject to the accessibility requirements of the Fair Housing Act and/or the Americans with Disabilities Act.

15.    Since at least 1996, Defendants have had actual or constructive knowledge of their obligations under the Fair Housing Act and the Americans with Disabilities Act via the following:  administrative complaints alleging inaccessible design and construction filed with federal and local agencies; a previous lawsuit challenging the inaccessibility of public and common-use areas at Post Addison Circle; and, for the Post Carlyle properties, a pre-construction accessibility survey

8

commissioned by Defendants themselves. Despite this knowledge, Defendants continued to design and construct covered multifamily dwellings in violation of the accessibility requirements of the Fair Housing Act and the Americans with Disabilities Act.

## CLAIMS FOR RELIEF

### Fair Housing Act

16.    The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1-15, supra.

17.    Defendants, through the actions and conduct described above, have:

    (a)    Discriminated in the rental of, or otherwise made unavailable or denied, dwellings on the basis of disability, in violation of 42 U.S.C. § 3604(f)(1).

    (b)    Discriminated in the terms, conditions or privileges of rental or sale of a dwelling, or in the provision of services and facilities in connection therewith, on the basis of disability, in violation of 42 U.S.C. § 3604(f)(2).

    (c)    Discriminated in the rental or sale or, or otherwise made unavailable or denied, dwellings on the basis of disability by failing to design and construct covered multifamily dwellings with the required accessibility features, in violation of 42 U.S.C.

9

§ 3604(f)(3)(C).

18. Defendants' actions and conduct, as described above, constitute:

    (a)   A pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601-3631, in violation of 42 U.S.C. § 3614(a); or

    (b)   A denial to a group of persons of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601-3631, which raises an issue of general public importance, in violation of 42 U.S.C. § 3614(a).

19. There may be victims of Defendants' discriminatory actions and practices who are "aggrieved persons" under the Fair Housing Act, 42 U.S.C. § 3602(i). These persons may have suffered actual injury and damages as a result of the above actions and practices.

20. Defendants' actions were intentional, willful, and/or taken in reckless disregard for the rights of others.

## Americans with Disabilities Act

21.     Defendants, through the actions and conduct described above, have discriminated on the basis of disability, in violation of 42 U.S.C. § 12182, by failing to design and construct common and public-use areas of the Subject Properties after January 26, 1993, to be readily accessible to and usable by persons with disabilities as required by 42 U.S.C. § 12183(a)(1) and 28 C.F.R. part 36 & App. A.

22.     Defendants' actions and conduct constitute:

      (a)     A pattern or practice of discrimination within the meaning of 42 U.S.C. § 12188(b)(1)(B)(i) and 28 C.F.R. § 36.503(a); and/or

      (b)     Discrimination against any person or group of persons that raises an issue of general public importance, within the meaning of 42 U.S.C. § 12188(b)(1)(B)(ii) and 28 C.F.R. § 36.503(b).

23.     There may be victims of Defendants' discriminatory actions and practices who are "aggrieved persons" pursuant to 42 U.S.C. § 12181(b)(2)(B). These persons may have suffered actual injury and damages as a result of the above actions and practices.

24.     Defendants' actions were intentional, willful, and/or taken in reckless disregard for the rights of others.

11

## **PRAYER FOR RELIEF**

WHEREFORE, the United States prays that this Court enter an order that:

1.     Declares that Defendants' actions, policies and practices, as alleged herein, violate the Fair Housing Act and the Americans with Disabilities Act;

2.     Declares that Defendants have engaged in a pattern or practice of discrimination, in violation of the Fair Housing Act and/or the Americans with Disabilities Act, or have discriminated against or denied rights to a group of persons under the Fair Housing Act or the Americans with Disabilities Act, which discrimination or denial raises an issue of general public importance;

3.     Enjoins Defendants, their agents, employees and successors, and all other persons in active concert or participation with them, from:

> (a)     Failing or refusing to bring covered multi-family dwellings and public and common use areas at the Subject Properties into compliance with the applicable requirements of 42 U.S.C. § 3604(f)(3)(C), 42 U.S.C. § 12183(a)(1) and 28 C.F.R. part 36 & app. A;
>
> (b)     Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, victims of Defendants' unlawful practices to the position they would have been in but for the discriminatory conduct; and

    (c)    Designing or constructing covered multi-family dwellings and places of public accommodation in the future that do not contain the accessibility and adaptability features required by 42 U.S.C. § 3604(f)(3)(C), 42 U.S.C. § 12183(a)(1) and 28 C.F.R. part 36 & app. A.

4.    Award monetary damages, pursuant to 42 U.S.C. §§ 3614(d)(1)(B) and 12188(b)(2)(B), to all persons harmed by Defendants' discriminatory practices; and

5.    Assess a civil penalty against Defendants, pursuant to 42 U.S.C. §§ 3614(d)(1)(C) and 12188(b)(2)(C), to vindicate the public interest.

The United States further prays for such addition relief as justice may require.

Dated:

Respectfully submitted,

ERIC H. HOLDER, JR.
Attorney General

SALLY QUILLIAN YATES
United States Attorney
Northern District of Georgia

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

AMY L. BERNE
Ga. Bar No. 006670
Assistant United States Attorney

STEVEN H. ROSENBAUM
Chief, Housing and Civil Enforcement
    Section

AILEEN BELL HUGHES
Ga. Bar No. 375505
Assistant United States Attorney
Suite 600, Richard Russell Building
75 Spring Street
Atlanta, GA   30303
Phone: (404)-581-6000
Fax: (404)-581-6150

REBECCA B. BOND
Deputy Chief
MAX LAPERTOSA
BETH PPPER
E-mail: Max.Lapertosa@usdoj.gov
E-mail: Beth.Pepper@usdoj.gov
United States Department of Justice
Housing and Civil Enforcement Section
Civil Rights Division
950 Pennsylvania Ave. NW – G St.
Washington, DC   20530
Tel: (202) 305-1077
Tel: (202) 305-0916
Fax: (202) 514-1116

14