# United States' Exhibit 4

*United States v. Post Properties, Inc., et al.*

Civil Action No. 10-1866 (RJL)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>Plaintiff, )<br><br>v. )<br><br>POST PROPERTIES, INC. )<br>POST APARTMENT HOMES, L.P. )<br>POST GP HOLDINGS, INC. )<br><br>Defendants. ) | Case No. 1:10-CV-01866-RJL<br>Judge Richard J. Leon |

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Defendants Post Properties, Inc., Post Apartment Homes, L.P., and Post GP Holdings, Inc. ("Defendants"), by undersigned counsel, hereby submit these responses and objections to Plaintiff's Second Set of Interrogatories.

## GENERAL OBJECTIONS

1.     Defendants object to Plaintiff's interrogatories, including the definitions and instructions, to the extent they (a) contain requests that exceed the scope and requirements of the applicable federal and local rules and (b) purport to require discovery not provided for by these rules, including but not limited to discovery on subjects not at issue in this case.

2.     Defendants object to each interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other rule of privilege or confidentiality provided by law.

3.     Defendants object to Plaintiff's interrogatories insofar as they are unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

## SPECIFIC OBJECTIONS AND
## RESPONSES TO INTERROGATORIES

**Interrogatory No. 1:** State and describe in detail the means, structure, or method by which you currently own, hold, or possess an interest in the following properties, including but not limited, to identifying the date and form *(e.g.,* asset purchase, merger, acquisition of the entity owning the property, share purchase agreement) of the transaction by which you acquired that interest; the person or entity from which you acquired that interest; and the specific Post entity that own, holds, or possesses Post's interest: (i) Post Abbey located in or around Dallas, Texas; (ii) Post Addison Circle located in or around Addison, Texas; (iii) Post Coles Comer located in or around Dallas, Texas; (iv) Post Gallery located in or around Dallas, Texas; (v) Post Heights located in or around Dallas, Texas; (vi) Post Square located in or around Dallas, Texas; (vii) Post Uptown Village located in or around Dallas, Texas; (viii) Post Vineyard located in or around Dallas, Texas; (ix) Post Vintage located in or around Dallas, Texas; (x) Post Worthington located in or around Dallas, Texas; and (xi) Post Ballantyne located in or around Charlotte, North Carolina.

**Specific Objections:** Defendants object to this Interrogatory because it is vague and ambiguous as to what is meant by "means, structure or method" and "Post entity". Defendants further object that the interrogatory misstates the locations of the properties identified. Defendants further object that this interrogatory is duplicative of other discovery in this case and from the initial phase of this matter in *Equal Rights Center v. Post Properties.*

**Response:** Without waiving these objections, Defendants provide the follow responses to the questions posed:

(i) Post Abbey:

    a. Transaction form: Merger with Columbus Realty Trust on October 24, 1997

    b. Entity that transferred interest: Columbus Realty Trust

    c. Entity that holds interest: Post Apartment Homes, L.P.

(ii) Post Addison Circle:

For the portion of Post Addison Circle acquired after design and construction,

    a. Transaction form: Merger with Columbus Realty Trust on October 24, 1997

    b. Entity that transferred interest: Columbus Realty Trust

    c. Entity that holds interest: Post Addison Circle Limited Partnership

(iii)   Post Coles Corner:

    a. Transaction form:   Merger with Columbus Realty Trust on October 24, 1997

    b. Entity that transferred interest:   Columbus Realty Trust

    c. Entity that holds interest:  Post Apartment Homes, L.P.

(iv)   Post Gallery:

    a. Transaction form:  Merger with Columbus Realty Trust on October 24, 1997

    b. Entity that transferred interest:   Columbus Realty Trust

    c. Entity that holds interest:  Post Apartment Homes, L.P.

(v)   Post Heights:

For the portion of the property acquired after design and construction,

    a. Transaction form:  Merger with Columbus Realty Trust on October 24, 1997

    b. Entity that transferred interest:   Columbus Realty Trust

    c. Entity that holds interest:  Post Apartment Homes, L.P.

(vi)   Post Square:

    a. Transaction form:  Merger with Columbus Realty Trust on October 24, 1997

    b. Entity that transferred interest:   Columbus Realty Trust.

    c. Entity that holds interest:  Post Apartment Homes, L.P.

(vii) · Post Uptown Village:

    a. Transaction form:  Merger with Columbus Realty Trust on October 24, 1997

    b. Entity that transferred interest: Columbus Realty Trust

    c. Entity that holds interest:  Post Apartment Homes, L.P.

(viii)   Post Vineyard:

    a. Transaction form:   Merger with Columbus Realty Trust on October 24, 1997

      b. Entity that transferred interest:  Columbus Realty Trust

      c. Entity that holds interest:  Post Apartment Homes, L.P.

(ix)  Post Vintage:

      a. Transaction form:  Merger with Columbus Realty Trust on October 24, 1997

      b. Entity that transferred interest:  Columbus Realty Trust

      c. Entity that holds interest:  Post Apartment Homes, L.P.

(x)  Post Worthington:

      a. Transaction form:  Merger with Columbus Realty Trust on October 24, 1997

      b. Entity that transferred interest:  Columbus Realty Trust

      c. Entity that holds interest:  Post Worthington, L.P.

(xi)  Post Ballantyne:

      a. Transaction form:  Asset purchase as set forth in the Sales Contract.

      b. Entity that transferred interest:  Roberts Properties Residential, L.P.

      c. Entity that holds interest:  Post Ballantyne, LLC

**Interrogatory No. 2:**  State and describe in detail whether and to what extent you contend you are a successor-in-interest to potential liabilities associated with the design and construction of the following properties, including, but not limited to, the Post entity or entities that you contend is a successor-in-interest to such potential liabilities; and if Post contends it is not a successor-in-interest, the entity or entities that Post believes holds, owns, possesses, or has responsibility for such potential liabilities: (i) Post Abbey located in or around Dallas, Texas; (ii) Post Addison Circle located in or around Addison, Texas; (iii) Post Coles Comer located in or around Dallas, Texas; (iv) Post Gallery located in or around Dallas, Texas; (v) Post Heights located in or around Dallas, Texas; (vi) Post Square located in or around Dallas, Texas; (vii) Post Uptown Village located in or around Dallas, Texas; (viii) Post Vineyard located in or around Dallas, Texas; (ix) Post Vintage located in or around Dallas, Texas; (x) Post Worthington located in or around Dallas, Texas; and (xi) Post Ballantyne located in or around Charlotte, North Carolina.

**Specific Objections:**  Defendants object to this Interrogatory because it seeks a legal

conclusion.  Defendants further object that the Interrogatory is vague and ambiguous as to

(vii) Post Uptown Village:  Uptown Village Partnership, Ltd.

(viii) Post Vineyard:  Columbus Realty Trust.

(ix) Post Vintage:   Quadrangle Project Partnership, LTD.; Memphis Real Estate Inc.

(x) Post Worthington:   Memphis Real Estate, Inc.

(xi) Post Ballantyne:   Roberts Properties Residential, L.P.   Defendants had a role in

the design and/or construction of four additional units at Post Ballantyne but only two

of those units were either (a) ground floor units in multifamily housing buildings with

four or more units and/or (b) units on any floor serviced by an elevator in multifamily

housing buildings containing four or more units.

The files and documents that have been made available to Plaintiff may indicate the

other entities who have been involved in the design and construction of the properties, such as

the many third party design professionals involved in that process.

> As to objections:
>
> HOLLAND & KNIGHT LLP
>
>
> By:    /s/ Lynn E. Calkins
>          Christopher B. Hanback (Bar # 232579)
>          Lynn E. Calkins (Bar #445854)
>          Rafe Petersen (Bar # 465542)
>          Christine N. Walz (Bar #996643)
>          800 17th Street, N.W., Suite 1100
>          Washington, D.C. 20006
>          Telephone: (202) 955 3000
>          Facsimile: (202) 955-5564
>          E-mail: christohper.hanback@hklaw.com
>          E-mail: lynn.calkins@hklaw.com
>          E-mail: rafe.petersen@hklaw.com
>          E-mail: christine.walz@hklaw.com
>
>          *Counsel for Post Properties, Inc., et al.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 22nd day of May, 2013, a true and accurate copy of the foregoing was served via email and first class mail, postage prepaid, on the following:

> Beth Pepper, Esq
> Max P. Lapertosa, Esq.
> Steven H. Rosenbaum, Esq.
> United States Department of Justice
> Housing and Civil Enforcement Section
> Civil Rights Division
> 950 Pennsylvania Avenue, N.W. - G St.
> Washington, D.C. 20530
>
> Brian Hudak, Esq.
> Assistant US Attorney
> 555 Fourth Street, N.W.
> Washington, D.C. 20530

  /s/ Lynn E. Calkins
Lynn E. Calkins

#22985755_v2