# United States' Exhibit 8

*United States v. Post Properties, Inc., et al.*

Civil Action No. 10-1866 (RJL)

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

ORIGINAL

- - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA, :

Plaintiff, :

v. : Civil Action No.

POST PROPERTIES, INC., et al., : 10-1866 (RJL)

Defendants. :

- - - - - - - - - - - - - - - - -x

Washington, D.C.

Thursday, July 18, 2013

Deposition of:

SHERRY W. COHEN

called for examination by counsel for Plaintiff in the above-entitled matter, pursuant to notice, in the offices of U.S. Attorney's Office, 501 3rd Street, N.W., Room 4819, Washington, D.C., convened at 9:25 a.m., before David A. Kasdan, RDR-CRR, a notary public in and for the District of Columbia, when were present on behalf of the parties:

Diversified Reporting Services, Inc.

(202) 467-9200

APPEARANCES:

On behalf of the Plaintiff:

BRIAN P. HUDAK, ESQ.
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7143

BETH PEPPER, ESQ.
Trial Attorney
U.S. Department of Justice
Housing and Civil Enforcement Section
Civil Rights Division
950 Pennsylvania Avenue, N.W.-G Street
Washington, D.C. 20530
(202) 305-0916

On behalf of the Defendants:

CHRISTOPHER B. HANBACK, ESQ.

ADRIANNA RODRIGUEZ, ESQ.

Holland & Knight, LLP

800 17th Street, N.W.

Washington, D.C. 20006

(202) 457-7157

Also Present:

MARGARET DRESCHEL

C O N T E N T S


| | EXAMINATION BY COUNSEL FOR | |
|---|---|---|
| WITNESS | PLAINTIFF | DEFENDANTS |
| SHERRY W. COHEN | | |
| By Mr. Hudak | 4, 128 | |
| By Mr. Hanback | | 130 |


CERTIFIED QUESTION


| NUMBER | PAGE |
|---|---|
| 1. | 77 |


E X H I B I T S


| NUMBER | MARKED FOR IDENTIFICATION |
|---|---|
| 1-A and 1-B | 5 |
| 2 | 13 |
| 3 | 20 |
| 4 | 34 |
| 5 (retained by Mr. Hudak) | 44 |
| 6 | 45 |
| 7 | 67 |

When I was at King & Spalding I worked primarily for a partner in the Real Estate Department at King & Spalding. He left the law practice to join Post, not to be in-house counsel or practice law but to be in the real estate business. So, I joined the firm -- the company at the same time he did, and over time my responsibilities evolved and changed.

I believe when I first started at the company I was -- my title was Legal Assistant.

**Q. Okay.**

A. At some point I became a Vice President. Farther along down the road I became the Senior Vice President. Now I'm currently Executive Vice President.

**Q. Okay. As I understand it from -- this may -- just to refresh your recollection as to dates, as I understand it from Post 10-K, you became the Vice President in April of 1990? Does that sound about right?**

A. Sounds right.

**Q. And then became a Senior Vice President with Post Corporate Services in July of 1993?**

A. That sounds right.

**Q. And then became Executive Vice President in 1997?**

assumed the liabilities related to the design and construction. The design and construction occurred months and, in some cases, years prior to this merger. We assumed rights and obligations of the company at this point in time.

And again, as Chris said, I'm not rendering a legal opinion.

BY MR. HUDAK:

**Q. I'm not asking you for that. I'm asking for Post --**

A. I'm telling you -- the design and construction had already occurred at a point -- previous point in time. So, Columbus designed and constructed. Post did not design and construct the assets.

**Q. Well, Post -- well, let me ask you this: Was Post Properties Holdings, Inc., indeed, the Post subsidiary that Columbus Realty and Trust merged into?**

A. Yes.

**Q. Because, as I want to point it out just in case this changes your answer, the last sentence of the Section 1.1, it indicates that the election of the Acquiror, any other direct subsidiary Acquiror acceptable to the company may be substituted.**

A. Um-hmm, right.

MR. HANBACK: Objection. What is the

**Q. And it's your understanding that this was a property acquired by Columbus Realty as part of the merger?**

A. As part of the merger, correct.

**Q. And was this property already constructed at the time of the merger?**

A. Yes.

**Q. And so I guess your answer --**

MR. HANBACK: Don't do this on each one.

BY MR. HUDAK:

**Q. I'm just going to say, as a general matter, if the property was at construction completed before the merger, your answer for those properties, when I asked the question did Post direct the development of -- did employees or officials at Post Apartment Homes, L.P., direct the development of those properties, your answer is going to be no?**

A. Correct. Because they didn't.

**Q. I will spare our legal debate throughout and not ask you for each one.**

A. Columbus Realty and Trust individuals directed the design and development of those properties that were built prior to the merger.

**Q. And you would reference the merger for more details on that?**

9/18 | BP



(Whereupon, at 1:32 p.m., the taking of the deposition was concluded. Signature not waived.)

* * * * *

CERTIFICATE OF DEPONENT

I have read the foregoing 136 pages, which contain the correct transcript of the answers made by me to the questions therein recorded.

Sherry W. Cohen

SHERRY W. COHEN

Subscribed and sworn to before me this 3rd day of September, 2013.

[signature]

LYNN HAMMOND NOTARY PUBLIC GEORGIA FORSYTH COUNTY, GA EXPIRES AUGUST 12, 2016

Notary Public, in and for State of Georgia

My commission expires: 8/12/2016