# United States' Exhibit 21

*United States v. Post Properties, Inc., et al.*

Civil Action No. 10-1866 (RJL)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA

Plaintiff,

v.

POST PROPERTIES, INC.
POST APARTMENT HOMES, L.P.
POST GP HOLDINGS, INC.

Defendants.

Case No. 1:10-CV-01866-RJL
Judge Richard J. Leon

**DEFENDANTS' RESPONSES AND OBJECTIONS TO**
**PLAINTIFF'S THIRD SET OF REQUESTS FOR ADMISSION**

Pursuant to Federal Rule of Civil Procedure 36 and the limitations imposed on Plaintiff for pursing new discovery in this continued matter, Defendants Post Properties, Inc., Post GP Holdings, Inc., and Post Apartment Homes, L.P. (collectively "Post"), by undersigned counsel, hereby submit these objections and responses to Plaintiff's Third Set of Requests for Admission.

**RESPONSES TO PLAINTIFF'S THIRD SET OF REQUESTS FOR ADMISSION**

Defendants object to Plaintiff's Third Set of Requests for Admission, including the definitions and instructions, to the extent they exceed the scope and requirements of the applicable federal and local rules. Defendants further object to these Requests for Admissions as vague and ambiguous as to what specific measurements or features Plaintiff's Requests pertain to. Defendants further object that the Requests are unduly burdensome in that they would require Defendants to independently inspect the properties to determine whether the measurement taken is accurate and reflects current conditions on the site. Defendants also object that the Requests to the extent that they seek legal conclusions rather than factual information. Subject to and

**correct copy of Mr. Wales' inspection notes for the Laundry room at Post Vineyard recorded on or about May 7, 2008.**

RESPONSE: Admitted that MW-D-1710 is a true and accurate copy of handwritten notes taken by Mark Wales during his inspection of the Laundry room at Post Vineyard on May 7, 2008. Denied as to the remainder.

**185. Admit that there is no 60-inch diameter turning circle or T-shaped turning space in the Laundry room at Post Vineyard.**

RESPONSE: Defendants have made reasonable inquiry and lack the knowledge or information needed to respond to this request. The measurement at issue is the subject of expert testimony by both Plaintiffs and Defendants' experts. Defendants' expert's notes were the subject of deposition testimony, and Plaintiffs are equally able use that deposition testimony to evaluate the notes. This request seeks information about conditions on site more than five years after Post Vineyard was inspected. Therefore, answering this request would require Defendants to independently verify this measurement by inspecting the current condition of the area at issue, which would require technical expertise, an additional inspection of the property, and a considerable commitment of resources and time.

**186. Admit that Mark Wales inspected the Sky Terrace at Post Vineyard on or about May 7, 2008.**

RESPONSE: Admitted.

**187. Admit that the document on the following page, marked MW-D-1748, is a time and correct copy of Mr. Wales' inspection notes for the Sky Terrace at Post Vineyard recorded on or about May 7, 2008.**

RESPONSE: Admitted that MW-D-1748 is a true and accurate copy of handwritten notes taken by Mark Wales during his inspection of the Sky Terrace at Post Vineyard on April 2, 2008. Denied as to the remainder.

**188. Admit that there is no route to the Sky Terrace at Post Vineyard that does not require going up stairs.**

RESPONSE: Admitted.

**189. Admit that Mark Wales inspected Unit 129 at Post Vineyard on or about May 8, 2008.**

RESPONSE: Admitted.

**190. Admit that the document on the following page, marked MW-D-1751, is a time and correct copy of Mr. Wales' inspection notes for Unit 129 at Post Vineyard recorded on or about May 8, 2008.**

RESPONSE: Admitted that MW-D-1751 is a true and accurate copy of handwritten notes taken by Mark Wales during his inspection of Unit 129 at Post Vineyard on May 8, 2008. Denied as to the remainder.

evaluate the notes. This request seeks information about conditions on site more than five years after Post Vineyard was inspected. Therefore, answering this request would require Defendants to independently verify this measurement by inspecting the current condition of the area at issue, which would require technical expertise, an additional inspection of the property, and a considerable commitment of resources and time.

**230. Admit that the alcove referenced in the previous request is less than 48 inches wide.**

RESPONSE: Defendants have made reasonable inquiry and lack the knowledge or information needed to respond to this request. The measurement at issue is the subject of expert testimony by both Plaintiff's and Defendants' experts. Defendants' expert's notes were the subject of deposition testimony, and Plaintiffs are equally able use that deposition testimony to evaluate the notes. This request seeks information about conditions on site more than five years after Post Vineyard was inspected. Therefore, answering this request would require Defendants to independently verify this measurement by inspecting the current condition of the area at issue, which would require technical expertise, an additional inspection of the property, and a considerable commitment of resources and time.

**231. Admit that the clear opening of a bathroom door in Unit 406 at Post Vineyard is less than 31 5/8 inches wide.**

RESPONSE: Defendants have made reasonable inquiry and lack the knowledge or information needed to respond to this request. The measurement at issue is the subject of expert testimony by both Plaintiff's and Defendants' experts. Defendants' expert's notes were the subject of deposition testimony, and Plaintiffs are equally able use that deposition testimony to evaluate the notes. This request seeks information about conditions on site more than five years after Post Vineyard was inspected. Therefore, answering this request would require Defendants to independently verify this measurement by inspecting the current condition of the area at issue, which would require technical expertise, an additional inspection of the property, and a considerable commitment of resources and time.

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: /s/ Lynn E. Calkins
Christopher B. Hanback (Bar # 232579)
Lynn E. Calkins (Bar #445854)
Rafe Petersen (Bar # 465542)
Christine N. Walz (Bar #996643)

800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 955 3000
Facsimile: (202) 955-5564
E-mail: christohper.hanback@hklaw.com
E-mail: lynn.calkins@hklaw.com
E-mail: rafe.petersen@hklaw.com
E-mail: christine.walz@hklaw.com

*Counsel for Post Properties, Inc., et al.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 31st day of October, 2013, a true and accurate copy of the foregoing was served via email and first class mail, postage prepaid, on the following:

Beth Pepper, Esq.
Steven H. Rosenbaum, Esq.
Jeffrey A. Knishkowy, Esq.
Colleen M. Melody, Esq.
Ryan G. Lee, Esq.
Pamela Barron, Esq.
United States Department of Justice
Housing and Civil Enforcement Section
Civil Rights Division
950 Pennsylvania Avenue, N.W. - G St.
Washington, D.C. 20530

Brian Hudak, Esq.
Assistant US Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530

/s/ Lynn E. Calkins
Lynn E. Calkins

#25984503_v1