# United States' Exhibit 22

*United States v. Post Properties, Inc., et al.*

Civil Action No. 10-1866 (RJL)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:10-CV-01866-RJL |
| ) | Judge Richard J. Leon |
| POST PROPERTIES, INC. ) | |
| POST APARTMENT HOMES, L.P. ) | |
| POST GP HOLDINGS, INC. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' RESPONSES AND OBJECTIONS TO
## PLAINTIFF'S FOURTH SET OF REQUESTS FOR ADMISSION

Pursuant to Federal Rule of Civil Procedure 36 and the limitations imposed on Plaintiff for pursing new discovery in this continued matter, Defendants Post Properties, Inc., Post GP Holdings, Inc., and Post Apartment Homes, L.P. (collectively "Post"), by undersigned counsel, hereby submit these objections and responses to Plaintiff's Fourth Set of Requests for Admission.

## RESPONSES TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR ADMISSION

Defendants object to Plaintiff's Fourth Set of Requests for Admission, including the definitions and instructions, to the extent they exceed the scope and requirements of the applicable federal and local rules. Defendants further object to these Requests for Admissions as vague and ambiguous as to what specific measurements or features Plaintiff's Requests pertain to. Defendants further object that the Requests are unduly burdensome in that they would require Defendants to independently inspect the properties to determine whether the measurement taken is accurate and reflects current conditions on the site. Defendants also object that the Requests to the extent that they seek legal conclusions rather than factual information. Subject to and without

information needed to respond to this request. The information at issue is the subject of expert testimony by both Plaintiff's and Defendants' experts. Defendants' expert's notes were the subject of deposition testimony, and Plaintiffs are equally able use that deposition testimony to evaluate the notes. This request seeks information about conditions on site more than five years after Post Luminaria was inspected, despite the fact that both Plaintiff's and Defendants' experts inspected the property in 2013. Answering this request would require Defendants to independently verify this information by inspecting the current condition of the area at issue, which would require technical expertise, an additional inspection of the property, and a considerable commitment of resources and time.

610. Admit that Mark Wales inspected the roof deck at Post Luminaria on or about May 19, 2008.

RESPONSE: Admitted.

611. Admit that the document on the following page, marked MW-D-2352, is a true and accurate copy of Mr. Wales' inspection notes for the roof deck at Post Luminaria recorded on or about May 19, 2008.

RESPONSE: Admitted that MW-D-2352 is a true and accurate copy of handwritten notes taken by Mark Wales during his inspection of the roof deck at Post Luminaria on May 19, 2008. Denied as to the remainder.

612. Admit that there is no route to the roof deck at Post Luminaria that does not require going up stairs.

RESPONSE: Admitted.

613. Admit that Mark Wales inspected Unit 7G at Post Luminaria on or about May 19, 2008.

RESPONSE: Admitted.

614. Admit that the document on the following page, marked page MW-D-2356, is a true and correct copy of Mr. Wales' inspection notes for Unit 7G at Post Luminaria recorded on or about May 19, 2008.

RESPONSE: Admitted that MW-D-2356 is a true and accurate copy of handwritten notes taken by Mark Wales during his inspection of Unit 7G at Post Luminaria on May 19, 2008. Denied as to the remainder.

615. Admit that a hall closet in Unit 7G at Post Luminaria is deeper than 24 inches.

RESPONSE: Defendants have made reasonable inquiry and lack the knowledge or information needed to respond to this request. The measurement at issue is the subject of expert testimony by both Plaintiff's and Defendants' experts. Defendants' expert's notes were the subject of deposition testimony, and Plaintiffs are equally able use that deposition testimony to evaluate the notes. This request seeks information about conditions on site more than five years after Post Luminaria was inspected, despite the fact that both Plaintiff's and Defendants' experts inspected the property in 2013. Answering this request would require Defendants to independently verify this measurement by inspecting the current condition of the area at issue, which would require

Massachusetts Avenue is less than 34 inches wide.

RESPONSE: Defendants have made reasonable inquiry and lack the knowledge or information needed to respond to this request. The measurement at issue is the subject of expert testimony by both Plaintiff's and Defendants' experts. Answering this request would require Defendants to independently verify this measurement by inspecting the current condition of the area at issue, which would require technical expertise, an additional inspection of the property, and a considerable commitment of resources and time.

667. Admit that knee and toe space at the lavatory in a common area women's bathroom at Post Massachusetts Avenue is less than 34 inches wide.

RESPONSE: Defendants have made reasonable inquiry and lack the knowledge or information needed to respond to this request. The measurement at issue is the subject of expert testimony by both Plaintiff's and Defendants' experts. Answering this request would require Defendants to independently verify this measurement by inspecting the current condition of the area at issue, which would require technical expertise, an additional inspection of the property, and a considerable commitment of resources and time.

668. Admit that the rent drop box at Post Massachusetts Avenue is more than 54 inches above the floor.

RESPONSE: Defendants have made reasonable inquiry and lack the knowledge or information needed to respond to this request. The measurement at issue is the subject of expert testimony by both Plaintiff's and Defendants' experts. Answering this request would require Defendants to independently verify this measurement by inspecting the current condition of the area at issue, which would require technical expertise, an additional inspection of the property, and a considerable commitment of resources and time.

669. Admit that Alison Vredenburgh inspected Unit 112A at Post Massachusetts Avenue on or about June 3-4, 2013.

RESPONSE: Admitted.

670. Admit that the document on the following page, marked page AV-D-707, is a true and correct copy of Dr. Vredenburgh's inspection notes for Unit 112A at Post Massachusetts Avenue recorded on or about June 3-4, 2013.

RESPONSE: Admitted that AV-D-707 is a true and accurate copy of handwritten notes taken by Alison Vredenburgh during her inspection of Unit 112A at Post Massachusetts Avenue on June 3-4, 2013. Denied as to the remainder.

671. Admit that a thermostat in Unit 112A at Post Massachusetts Avenue is more than 54 inches above the floor.

RESPONSE: Defendants have made reasonable inquiry and lack the knowledge or information needed to respond to this request. The measurement at issue is the subject of expert testimony by both Plaintiff's and Defendants' experts. Answering this request would require Defendants to independently verify this measurement by inspecting the current condition of the

1124. Admit that in the kitchen in Unit 2104 at Post Stratford, the distance between the refrigerator and the island is less than 40 inches.

RESPONSE: Defendants have made reasonable inquiry and lack the knowledge or information needed to respond to this request. The measurement at issue is the subject of expert testimony by both Plaintiff's and Defendants' experts. Defendants' expert's notes were the subject of deposition testimony, and Plaintiffs are equally able use that deposition testimony to evaluate the notes. This request seeks information about conditions on site more than five years after Post Stratford was inspected, despite the fact that both Plaintiff's and Defendants' experts inspected the property in 2013. Answering this request would require Defendants to independently verify this measurement by inspecting the current condition of the area at issue, which would require technical expertise, an additional inspection of the property, and a considerable commitment of resources and time.

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: /s/ Lynn E. Calkins
Christopher B. Hanback (Bar # 232579)
Lynn E. Calkins (Bar # 445854)
Rafe Petersen (Bar # 465542)
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
Telephone: (202) 955 3000
Facsimile: (202) 955 5564
E-mail: christopher.hanback@hklaw.com
E-mail: lynn.calkins@hklaw.com
E-mail: rafe.petersen@hklaw.com

*Counsel for Post Properties, Inc., et al.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 1st day of November, 2013, a true and accurate copy of the foregoing was served via email and first class mail, postage prepaid, on the following:

>Beth Pepper, Esq.
>Max P. Lapertosa, Esq.
>Steven H. Rosenbaum, Esq.
>Colleen M. Melody, Esq.
>Ryan G. Lee, Esq.
>Pamela Barron, Esq.
>United States Department of Justice
>Housing and Civil Enforcement Section
>Civil Rights Division
>950 Pennsylvania Avenue, N.W. - G St.
>Washington, D.C. 20530
>
>Brian Hudak, Esq.
>Assistant US Attorney
>555 Fourth Street, N.W.
>Washington, D.C. 20530

>/s/ Lynn E. Calkins
>Lynn E. Calkins

#26034040_v1